**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| LEONEL GERONIMO CRUZ, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02877-SHL-tmp |
| CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,[1] | ) ) ) | |
| Respondent. | ) | |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On July 17, 2026, Petitioner Leonel Geronimo Cruz filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  He challenges his continued detention without a bond hearing.  (Id. at PageID 2–3.)  Geronimo Cruz states that he first entered the United States in 1986 as a three-year-old child, before returning to his native country of Mexico.  (Id. at PageID 9.)  After entering the United States again in 1997, he has lived here ever since.  (Id.)  He has four U.S. citizen children, aged 15, 11, 8, and 5.  (Id.)  On June 24, 2026, he was arrested in Sumner County, Tennessee, after his fifteen-year-old daughter called the police.  (Id.)  At his July 6 court date, he "was placed on probation and ordered to take anger management classes."  (Id.)  Two days later, however, he was arrested by ICE.  (Id.)  He seeks immediate release or a bond hearing.  (Id. at PageID 11–12.)

---

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement.  See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens.").  Accordingly, Markwayne Mullin and Trinity Minter are dismissed from the case.

On May 11, the Sixth Circuit issued the opinion in <u>Lopez-Campos v. Raycraft</u>, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)     Within **three business days** of the filing of this Order, Petitioner shall deliver a copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.

(2)     Within **three business days** after Petitioner complies with the above requirement, Respondent shall respond to the Petition.  If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from <u>Lopez-Campos v. Raycraft</u>, 175 F.4th 713 (6th Cir. 2026), or state why <u>Lopez-Campos</u> otherwise does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)     Petitioner may file a reply within **three business days** after Respondent's responsive filing.

(4)     Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 20th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE