**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| LEONEL GERONIMO CRUZ, | ) | |
| Petitioner, | ) ) | |
| | ) | |
| v. | ) ) | No. 2:26-cv-02877-SHL-tmp |
| | ) | |
| CHRISTOPHER BULLOCK, Field Office | ) | |
| Director of U.S. Immigration and Customs | ) | |
| Enforcement, New Orlean Field Office, | ) | |
| Respondent. | ) ) | |

**ORDER GRANTING PETITION**

On July 17, 2026, Petitioner Leonel Geronimo Cruz filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He challenges his continued detention without a bond hearing. (Id. at PageID 2–3.) Respondent responded on July 29. (ECF No. 7.) Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (Id. at PageID 41.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Geronimo Cruz states that he first entered the United States in 1986 as a three-year-old child, before returning to his native country of Mexico. (Id. at PageID 9.) After entering the United States again in 1997, he has lived here ever since. (Id.) He has four U.S. citizen children, aged 15, 11, 8, and 5. (Id.) On June 24, 2026, he was arrested in Sumner County, Tennessee, after his fifteen-year-old daughter called the police. (Id.) At his July 6 court date, he "was placed on probation and ordered to take anger management classes." (Id.) Two days later,

however, he was arrested by ICE.  (Id.)  He seeks immediate release or a bond hearing.  (Id. at PageID 11–12.)

## ANALYSIS

Respondent concedes that Lopez-Campos governs this matter.  (ECF No. 7 at PageID 41.)  That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not 'seeking admission.'"  Lopez-Campos, 175 F.4th at 732.  Nevertheless, Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief.  (ECF No. 7 at PageID 42.)  Specifically, according to Respondent, "Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court."  (Id. at PageID 41.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 225 (BIA 2025) (holding that an immigration judge "lack[s] authority to hear bond requests or to grant bond to aliens who are present in the United States without admission").

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734.  ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside.  Thus, Petitioner is entitled to immediate release.  See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10

2

(W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with <u>Lopez-Campos</u> and this Court's decision in <u>Villafranca Lara,</u> and after consideration of the record, the Petition is **GRANTED**.

## <u>CONCLUSION</u>

For the reasons stated above, the Petition is **GRANTED**.  Respondent is **ORDERED** to immediately release Petitioner from custody.  Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A).  Respondent is further **ORDERED** to file a Status Report with this Court within **three business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 30th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3